UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLINTON JOSEPTHIA WILEY, JR.,

    Plaintiff,

v.                                                Case No: 2:18-cv-502-FtM-38MRM

DESOTO COUNTY JAIL, DESOTO COUNTY SHERIFF'S OFFICE and ARCADIA SHERIFF'S OFFICE

    Defendants.

## OPINION AND ORDER

The matter is before the Court upon *sua sponte* review of the file. Plaintiff Clinton Josepthia Wiley filed a civil rights Complaint (Doc. 1) on July 16, 2018 and amended his Complaint on February 25, 2019. (Doc. 7). Plaintiff executed the civil rights complaint form which requires prisoners to disclose information regarding their previous lawsuits. (Doc. 7 at 9(A)). The form required Plaintiff to disclose whether he had "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or failed to state a claim upon which relief may be granted," and to disclose all other lawsuits he filed in state or federal court dealing with the same facts involved, and other lawsuits he filed relating to the conditions of his imprisonment. (Doc. 7 at 9(B)(6)). Plaintiff checked off that he had no such lawsuits; however, the Court has identified these cases brought by the Plaintiff: *Wiley v. Albritton*, 2:17-cv-197-FtM-29CM and *Wiley v. Unknown Defendant*, 2:17-cv-711-FtM-38MRM. Both cases were dismissed for failure to state a claim.

Providing false information to the court is, in-and-of itself, a valid ground for dismissing a complaint. *See Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018) (finding that "the district court was entitled to dismiss [Plaintiff's] complaint based on his failure to fully disclose his litigation history," and noting that the district court reasoned that requiring prisoners to disclose prior lawsuits is important to enable courts to apply the "three strike rule" and dispose of successive cases that relitigate old matters); *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation and holding that "the district court was correct to conclude that to allow [Plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) (upholding district court's dismissal noting that "[e]ven if [Plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); *Young v. Secretary Fla. for Dept. of Corr.*, 380 F. App'x 939 (11th Cir. 2010) (same).

Since Plaintiff provided the Court with false information on his Amended Complaint Form, this case is due to be dismissed.

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk of the Court shall terminate any pending motions, close the case, and enter judgment accordingly.

3. The Clerk shall also send Plaintiff two civil rights complaint forms, an affidavit of indigency form, and a prisoner consent form and financial certificate. If Plaintiff chooses to pursue a civil rights action, he must complete and submit these forms. However, Plaintiff should not place the instant case number on the forms as this case will be closed. The Clerk will assign a separate case number in the event Plaintiff elects to pursue another action.

**DONE AND ORDERED** in Fort Myers, Florida, this 5th day of September 2019.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

FTMP-2

Copies to:

Pro Se Parties
Counsel of Record